UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ISAAC HARRIS,

    Plaintiff,

v.                                                              Case No. 21-11557

JAMES M. SMITH, et al.,

    Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Plaintiff John Isaac Harris filed a *pro se* complaint, alleging that Defendants who are all current or former employees of Eastern Michigan University, violated Plaintiff's civil rights in various ways while he was a graduate student.[1] (*See* ECF No. 1.) After Plaintiff paid the applicable filing fee, the Clerk's Office issued a summons for each of the named Defendants on September 14, 2021. (*See* ECF No. 6.) Plaintiff filed a proof of service, docketed on October 12, 2021, indicating that he had served all named Defendants by certified mail. (ECF No. 18, PageID.383.) The green USPS signature cards attached to the certification indicate that for every Defendant he mailed a copy of the complaint to "[Defendant's Name] c/o Lauren London[,] Legal Affairs" at the address of Eastern Michigan University's General Counsel's Office in Ypsilanti, Michigan. (*Id.*, PageID.385-402.) In lieu of an answer, Defendants filed the instant motion to dismiss for failure to effectuate

---

[1] Plaintiff's complaint appears somewhat similar to a previous action this court dismissed. *See Harris v. Morris*, No. 16-11162, 2017 WL 908298 (E.D. Mich. Mar. 8, 2017) (Cleland, J.), *aff'd*.

proper service. The motion has now been fully briefed and the court finds a hearing unnecessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons explained below, the court will grant Defendants' motion and dismiss the case.

## I. STANDARD

Under the Federal Rules of Civil Procedure, a case may be dismissed for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Federal Rule of Civil Procedure 4(e) provides that service upon an individual from whom a waiver has not been obtained can be accomplished by delivering a copy of the summons and complaint to the individual personally, by leaving copies with an appropriate person residing at the defendant's usual place of abode or by delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(e)(2). Alternatively, a plaintiff may follow the state law for effectuating service "where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The Michigan Court Rules allow a plaintiff to serve an individual either by personal service *or* by "sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee;" provided that the plaintiff can show proof of a signed return receipt. Mich. Ct. R. 2.105(A). The summons must bear the seal and signature of the Clerk. Fed. R. Civ. P. 4(a)(1)(F)-(G). According to the Federal Rules, a party to a lawsuit cannot effectuate service. Fed. R. Civ. P. 4(c)(2).

2

## II. DISCUSSION

In their motion to dismiss, Defendants assert that they did not waive service of process and outline deficiencies with Plaintiff's attempt to serve process which they contend warrant dismissal under Rule 12(b)(5). (*See* ECF No. 17.) First, Defendants assert that Plaintiff improperly attempted to effectuate service by putting the complaint and summons in the mail himself. Second, they contend that Eastern Michigan General Counsel Lauren London was not authorized to accept service for any Defendants and so mailing all the summons to her cannot constitute service as to any of the individuals named in the action. Third, Defendants argue that dismissal is the only proper remedy because Plaintiff was already provided multiple opportunities to correct deficiencies. In support, Defense counsel Schuyler Ferguson submits an affidavit—along with copies of his email communications with Plaintiff—laying out the steps Ferguson took to apprise Plaintiff of the fact that his attempts at service were ineffective. (*See* ECF No. 17-2.) Further, Ferguson explains that he offered to waive the summons if Plaintiff provided the requisite form, or in the alternative, he offered to not contest service if Plaintiff would stipulate to an extension of the deadline to file an answer. (*Id.*)

Plaintiff's response brief is maundering and mainly focuses on the merits of his claim, but he appears to argue that service by certified mail was appropriate. In support of this proposition, he cites the MIED Service Handbook which he says was

3

provided to him by the court as a *pro se* filer.[2] (ECF No. 21, PageID.1081.) Plaintiff also states that he rejected Defendants' proposed waiver because he thought the "email was a trick" by Defense counsel. (*Id.*) Ultimately, Plaintiff's position lacks merit.

"[Plaintiff] bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urban Cty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). The court need not address whether Plaintiff mailing the summons and complaint himself, by certified mail, was a proper process because Plaintiff fails to address Defendants' primary contention that he could not effectuate service on Defendants as individuals by simply sending the summons to Eastern Michigan's General Counsel. Case law suggests that situations in which an attorney can accept service on behalf of her client(s) are limited.

> While the court is not aware of a Sixth Circuit case addressing this particular issue, it has no difficulty concluding that service was insufficient in this case. The "authority to accept process need not be explicit, [but] it must either be express or implied from the type of relationship between defendant and the alleged agent." 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1097 at 84-85 (2d ed.1987). Every federal circuit that considered this issue determined that a defendant's attorney "will not be deemed an agent appointed to receive process," absent the submission of facts by the plaintiff that plainly show the defendant had a contrary intent. *Id.* at 85-86; *see also United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997) ("Even where an attorney exercises broad powers to represent a client in litigation, these powers of representation alone do not create a specific authority to receive service."); *Santos v. State Farm Fire &*

---

[2]   The court believes that Plaintiff is likely referring to an instructional handbook available on the court's website. *See* United States District Court Eastern District of Michigan, *Serving Your Complaint*, (Sept. 2020), https://www.mied.uscourts.gov/PDFFiles/Service_Handbook.pdf.

4

> *Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir.1990) ("[S]ervice of process on an attorney not authorized to accept service for his client is ineffective ...."); *Ransom v. Brennan*, 437 F.2d 513, 518-19 (5th Cir. 1971) ("[S]ervice of process is not effectual on an attorney solely by reason of his capacity as attorney."); *Schwarz v. Thomas*, 222 F.2d 305, 308 (D.C. Cir. 1955) ("The rule is clear that it must appear that any agent who accepts service must be shown to have been authorized to bind his principal by the acceptance of process . . . .").

*Tindle v. Xenos*, No. 09-CV-14826, 2010 WL 4739787 at *2 (E.D. Mich. Nov. 16, 2010) (Murphy, J.). Plaintiff does not argue that any sort of explicit authorization exists here. And as pointed out in the motion, a number of the Defendants are actually no longer employed by Eastern Michigan so it would be a logical non-sequitur for the court to assume that serving the General Counsel would necessarily provide them with notice of the lawsuit. Thus, the court finds that by attempting to serve only the general counsel, "Plaintiff failed to effect service in compliance with Rule 4 because [he] failed to personally serve any named Defendant in this case." See *Nettles v. Armitage*, No. 19-13794, 2020 WL 1508509 at *2 (E.D. Mich. Mar. 30, 2020) (Cleland, J.).

"It is well established that in cases involving improper service, courts have broad discretion to dismiss the action." *Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1247 (6th Cir. 1993). Dismissal is appropriate in this case because Plaintiff fails to satisfy his burden of showing that he properly served Defendants, and the record indicates that he also rebuffed Defense counsel's repeated offers to rectify the issue. See *Nettles,* 2020 WL 1508509 at *2.

### III. CONCLUSION

Plaintiff cannot effectuate proper service by providing a nonparty, who is not an authorized agent of any Defendant, with a copy of the pleadings. Accordingly,

IT IS ORDERED that Defendants' motion to dismiss (ECF No. 17) is GRANTED and that the case is DISMISSED.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 26, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 26, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner            /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\21-11557.HARRIS.mtd.AAB.docx