**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

JOHN ISAAC HARRIS,

    Plaintiff,
v.                                                                         Case No. 21-11557

JAMES M. SMITH, et al.,

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM OPINION/ORDER**

Plaintiff John Isaac Harris filed a *pro se* complaint, alleging that Defendants, who are all current or former employees of Eastern Michigan University, violated Plaintiff's civil rights in various ways while he was a graduate student.[1] (*See* ECF No. 1.) After Plaintiff paid the applicable filing fee, the Clerk's Office issued a summons for each of the named Defendants on September 14, 2021. (*See* ECF No. 6.) Plaintiff filed a proof of service, docketed on October 12, 2021, indicating that he had served all named Defendants by certified mail. (ECF No. 18, PageID.383.) The green USPS signature cards attached to the certification indicate that, for every Defendant, Plaintiff mailed a copy of the complaint to "[Defendant's Name] c/o Lauren London[,] Legal Affairs" at the address of Eastern Michigan University's General Counsel's Office in Ypsilanti, Michigan. (*Id.*, PageID.385–402.)

---

[1] As the court previously noted in its decision on Defendants' motion to dismiss, Plaintiff's complaint appears somewhat similar to a previous action this court dismissed. *See Harris v. Morris*, No. 16-11162, 2017 WL 908298 (E.D. Mich. Mar. 8, 2017) (Cleland, J.), *aff'd*.

In lieu of an answer, Defendants filed a motion to dismiss for failure to effectuate proper service. On July 27, 2022, after reviewing the parties' briefing, the court granted Defendants' motion, concluding that Plaintiff could not effectuate proper service by providing a nonparty, who is not an authorized agent of any Defendant, with a copy of the pleadings. (ECF No. 25.) In response, on August 1, 2022, Defendant timely filed the instant motion for relief from opinion pursuant to Federal Rules of Civil Procedure 60(b)(1), (3), and (6) and (d)(3). (ECF No. 26.) The motion has now been fully briefed and the court finds a hearing unnecessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons explained below, the court will deny Plaintiff's motion.

## I. STANDARD

Under the Federal Rules of Civil Procedure, the court may relieve a party from a final judgment. FED. R. CIV. P. 60(b). A party moving for relief under Rule 60(b) "bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

Here, Plaintiff specifically invokes subsections (1), (3), and (6) of Rule 60(b), which provide for relief from judgment under the following circumstances:

(1)  mistake, inadvertence, surprise, or excusable neglect;
(3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(6)  any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1), (3), and (6). Under Rule 60(b)(1), Plaintiff must demonstrate: (1) the existence of mistake, inadvertence, surprise, or excusable

2

neglect and (2) that, if the order were set aside, he could mount a meritorious claim. *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980). "[T]o establish grounds for relief under Rule 60(b)(3), the moving party need not demonstrate that the adverse party has committed all the elements of fraud specified in the law of the state where the federal court is sitting, but rather must simply show that the adverse party's conduct was fraudulent under [the] general common law understanding." *Info-Hold, Inc.*, 538 F.3d at 456. For purposes of Rule 60(b)(3) motions, "[f]raud is the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment." *Id.* (internal citations omitted). Finally, Rule 60(b)(6) vests the courts with the equitable powers "to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. U.S.*, 335 U.S. 601, 614–15 (1949). This "catch-all" provision is reserved for "extraordinary circumstances" where the moving party is faultless. *See Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393 (1993).

Plaintiff further relies on Federal Rules of Civil Procedure 60(d)(3), which provides a court's power under Rule 60 encompasses "set[ing] aside a judgment for fraud on the court." Functioning as a "savings clause," Rule 60(d)(3) limits relief to "the most egregious conduct involving a corruption of the judicial process itself." *Gen. Med., P.C. v. Horizon/CMS Health Care Corp.*, 475 F. App'x 65, 71 (6th Cir. 2012). A party seeking to show fraud on the court must present clear and convincing evidence of the following elements:

3

> 1) [conduct] on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court.

*Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010) (quoting *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009)).

## II. DISCUSSION

Plaintiff fails to articulate a legitimate basis for relief under any subsection of Rule 60(b) or Rule 60(d)(3). Rather, Plaintiff largely presents a pared down version of his response to Defendants' motion to dismiss (*See* ECF No. 21), recapitulating that he followed the correct service procedures while accusing Defendants' counsel of fraud. (ECF No. 26, PageID.1298–99; ECF No. 25.) Though not readily discernable, Defendants' purported fraudulent conduct appears to be initial emails sent by Defendants' counsel to Plaintiff allegedly "trying to intimidate the Plaintiff as if he had done some [sic] unlawful." (ECF No. 26, PageID.1300.) Plaintiff further characterizes the emails as a "scheme" to get the court to "sign off on these unlawful and unethical tractrices [sic] of the defendant's [sic] attorney's ignorance." (Id.) Notably, Plaintiff fails to attach any emails. Nevertheless, the court reviewed the email correspondence in question when formulating its decision on Defendants' motion to dismiss. (*See* ECF No. 17-2, PageID.367–72.) In granting Defendants' motion to dismiss, though it did not reach the question of whether it was proper under the Federal Rules of Civil Procedure Rule 4 for Plaintiff himself to mail the complaint and summons, the court did consider the issue of whether an authorized

4

agent existed. (*See* ECF No. 25.) Defendants' counsel's emails reference the same law and present the same argument as that presented in the motion to dismiss. (*See* ECF No. 17 & 17-2.) The court found no issue with Defendants' statement of law then and does not find any issue with it now. Because there is no "fraud" or "mistake" within the meaning of Rule 60 at play, Plaintiff is not entitled to relief.

Plaintiff also appears to cite the court's conduct as a basis for relief under Rule 60(b)(1), (3), and (6) and Rule 60(d)(3). (ECF No. 26, PageID.1301–03.) Specifically, referencing other cases he has had before this court, Plaintiff asserts, "Judicial hostility, Judicial Bias, or even Deprivation of Rights Under Color Of Law, Section 242 of Title 18; by the District Judge Robert H. Cleland's overt action has been with discriminatory intent." [sic] (Id. at PageID.1301.) However, as Defendants correctly point out, to the extent that Plaintiff seeks relief under Rule 60(b)(3) or (d)(3) due to conduct by the court, relief is not available because the fraud must be perpetrated by an adverse party. Further, Plaintiff's perceived judicial bias does not qualify as a "mistake" under Rule 60(b)(1) or extraordinary circumstances under Rule 60(b)(6). Rather, these appear to be abuse of discretion arguments appropriate for appellate proceedings. Moreover, Plaintiff's general disagreement with the court's legal conclusion that service was not properly effectuated in this case in and of itself is not a proper basis for relief from judgment under Rule 60. Rather, the proper forum in which to air such argument is again the appellate court and, having filed an appeal, Plaintiff will be afforded the opportunity to make his legal arguments there. (*See* ECF No. 27)

### III. CONCLUSION

Plaintiff has failed to demonstrate that he is entitled to relief from judgment. Accordingly,

IT IS ORDERED that Plaintiff's motion to for relief from opinion (ECF No. 25) is DENIED.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 28, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 28, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner            /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\EKL\Opinions & Orders\Civil\21-11557.HARRIS.MotionForReliefFromOpinion.EKL.docx